**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANNY RUIZ | : | |
| | : | |
| Appellant | : | No. 929 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 20, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002610-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  March 17, 2023**

Danny Ruiz appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County.  We affirm.

Following trial, a jury convicted Ruiz of one count each of aggravated assault—attempt to cause serious bodily injury,[1] simple assault,[2] recklessly endangering another person,[3] disorderly conduct,[4] and harassment.[5]  At trial, the victim testified that Ruiz kicked and punched her in the head, face, and mouth while she was on the ground.  The assault was captured on video,

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] *Id.* at § 2701(a)(1).

[3] *Id.* at § 2705.

[4] *Id.* at §5503(a)(1).

[5] *Id.* at § 2709(a)(1).

which the jury viewed. At some point during the altercation, the victim was rendered unconscious, and she later went to the hospital. The victim sustained facial and dental injuries.

Following Ruiz's conviction, the court sentenced Ruiz to ten to twenty years' incarceration. Ruiz filed a post-sentence motion, which was denied, followed by this timely appeal. Both Ruiz and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Ruiz raises one issue: "Did the Commonwealth present sufficient evidence to sustain [his] conviction for aggravated assault?" Appellant's Brief, at 2. Ruiz argues that in order to sustain his conviction, the jury would have had to have found that he either actually caused serious bodily injury or attempted to cause bodily injury. *Id.* at 11. This claim is meritless.

> A challenge to the sufficiency of the evidence is a question of law. In reviewing a sufficiency challenge, we must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict[]winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for that of the fact-finder. Issues of witness credibility are the province of the fact-finder, not the appellate court. However, where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.

*Commonwealth v. Heater*, 899 A.2d 1126, 1131 (Pa. Super. 2006) (citations and internal quotation marks omitted).

- 2 -

A person may be convicted of aggravated assault, graded as a felony of the first degree, if that person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." **Commonwealth v. Gruff**, 822 A.2d 773, 776 (Pa. Super. 2003). "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." **Id.** (citation omitted).

After our review of the parties' briefs, the record, and the relevant law, we affirm the judgment of sentence based on the opinion authored by the Honorable John J. Mead. See Trial Court Opinion, 9/21/22, at 4 ("Sufficient evidence, as found by the jury, existed to prove [Ruiz] intentionally acted in a manner which constituted a substantial or significant step toward perpetrating serious bodily injury upon [the victim].").

The parties are directed to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/17/2023